## KOPP v. WHITE.

(Supreme Court, Special Term, New York County. May, 1900.)

ASSOCIATIONS—FREE AND ACCEPTED MASONS—MEMBERS—EXPULSION—RIGHTS IN EQUITY.

Where plaintiff, a member of the order of Free and Accepted Masons, wrote a letter accusing the grand master of the state of incompetency and mismanagement of his office for political purposes, for which plaintiff was

regularly expelled from the lodge, in accordance with the rules of procedure provided by the order, a court of equity will not interfere to prevent his expulsion.

Action by one Kopp against one White, as treasurer of the Grand Lodge of Free and Accepted Masons. Complaint dismissed.

Hill, Sturcke & Andrews, for plaintiff.
Elbert Crandall, for defendant.

STOVER, J. This is an action against the Grand Lodge of Free and Accepted Masons of the state of New York, brought under section 1919 of the Code of Civil Procedure, by which it is sought to have the plaintiff reinstated as a Mason. The plaintiff was accused and convicted of having, in a communication to the grand master of Masons of the state of New York, in insulting and scurrilous epithets grossly abused the grand master. He was served with a copy of the charges, and a notice of the time and place of trial, and appeared before the commissioners appointed for the trial of the charges, but does not seem to have made or served an answer to the charges that were made. Upon the first meeting of the commissioners, the plaintiff was represented by counsel, the complainant also being represented by counsel. The chairman of the commission asked if the defense had any objection to any of the commissioners, and the plaintiff's counsel, instead of answering the question, thereupon stated that he desired to ask the commissioners certain questions in regard to the matter. Counsel for the complainant thereupon asked the counsel for the accused to define his position, stating that, if he desired to challenge the commissioners, the Code pointed out the way to do so. Counsel for the accused thereupon stated that there were no specific reasons in his mind why the commissioners should not act. He was again asked by the commissioner, "Has the defense any specific challenge against the commissioners?" to which the counsel for the accused answered, "I challenge all the commissioners." The chairman thereupon inquired the grounds of the challenge to the commissioners, and the counsel for the accused refused to state any grounds, but insisted upon a right to examine the commissioners in advance of any challenge. The chairman having stated that the challenge must be based upon some certain ground, and that, if there were any grounds, they should be stated and put upon the record, otherwise a challenge could not be sustained, and after a refusal by counsel for the accused to state the grounds of the challenge, the defense withdrew from the trial, the counsel for the accused stating, "The defense withdraws from this trial, and is not before this commission any further." Thereupon the defendant was asked by the prosecution to take the stand. His counsel announced that he would not take the stand, and, after some considerable exchange of views, the accused left the room. The trial was thereupon adjourned, and upon the adjourned day the commission met, it being stated that the accused had been notified of the meeting and requested to be present; but, not appearing, the commission proceeded to take the testimony, and made its adjudication, finding the accused guilty of the charges as specified, and sentencing him to expulsion from the order.

The sentence of expulsion was afterwards duly affirmed by the commission of appeals, which is the Masonic appellate tribunal, and this action was subsequently fully approved by the grand lodge at its annual communication in June, 1899.

It is claimed, on behalf of the plaintiff herein, that he has been deprived of his right under the code of procedure of the Masonic order; that his trial was not legal; that his conviction was unjustified, as based upon hearsay evidence; that the evidence was insufficient to establish the proof of the charges; and that the punishment was too severe. The theory of the plaintiff seems to be that the court has power to review, not only the questions of jurisdiction, but also the questions of procedure, that have arisen from time to time during the course of the trial and appeals. In the case of White v. Brownell, 4 Abb. Prac. (N. S.) 162, the distinction between the expulsion of members of a corporation and those of voluntary associations, such as the Masonic order, is pointed out, being this: The privilege of membership in an unincorporated, voluntary association, like the one under consideration, is not given by statute or derived through prescription, as in a corporation, but is created and conferred by the organization itself, and may be withheld or conferred at the pleasure of the association, and under such rules and restrictions of the association as it may see fit to establish. While, in a corporation, the rights are conferred by statute and under the law of the land, a person complying with the requirements of the statute or the law may become a member of the corporation without the consent of the corporation itself, unless such consent is rendered necessary by the law. And, as was said in the case above cited, a member of an unincorporated voluntary association has, as such, undoubtedly, rights which the law will protect, but they do not rest upon the same grounds and are in no wise co-extensive with the franchise enjoyed by a member of a corporation. And, again, "individuals who form themselves together into a voluntary association for a common object may agree to be governed by such rules as they think proper to adopt, if there is nothing in them in conflict with the law of the land; and those who become members of the body are presumed to know them,—to have assented to them,—and they are bound by them." They may provide modes of trial and means of expulsion. So that in this case the question under consideration is the same as in the case of White v. Brownell,—whether the plaintiff here has been expelled in accordance with the laws governing the organization of which he was a member.

As to the first error alleged, namely, that set forth in paragraph 11 of the complaint, "a," that the trial commissioners repeatedly ordered the plaintiff to take the stand as a witness for the prosecution to testify against himself, it cannot be well founded, for the reason that the plaintiff did not take the stand as a witness, and therefore was not prejudiced by the request of the commissioners. Second, that the communication was privileged, and therefore there can be no conviction for it, is also not well founded, for the reason that the statements there made were not necessary in the course of the proceeding, but were all facts and circumstances, if they existed, entirely outside of the matter under consideration, and had no relevancy to the matters

under discussion between the grand master and the plaintiff herein. As to the objection marked "c," that it constituted no offense against the Masonic law, and that the conviction was not authorized, it seems to me that was a question for the Masonic courts to decide, and is not open to inquiry in this court; but, even if it were, this court might well hold that a communication which charged the grand master of an organization with using the organization for his own private purposes, and charging by innuendo that the commission which had theretofore convicted him of a Masonic offense were incompetent, unfair, or unworthy, and declining to appear before a new commission if they "are to be constructed of the same Masonic ashler" as the former commission, and charging the grand master with using political methods inside the fraternity, and with dereliction in his duty as grand master, with incompetent and glaring mismanagement, and calling upon some of the brothers to return "some of their ill-gotten but ill-concealed [?]," and concluding by stating that the acts charged in the letter might be the means yet of impeachment of the grand master, if not libelous upon its face, was of such a character as to render the member of the organization making the charge subject to such discipline as the duly-constituted authorities of the order might, in their judgment, see fit to exercise. As to the objection marked "d," the constitution of the grand lodge provides that, when charges are preferred between members of different lodges, the district deputy grand master of the district shall, by his warrant, appoint a commission, who shall hear and determine the charges. Article 19, § 126. These charges were preferred by a member of a different lodge from that to which the plaintiff belonged, and the commission was legally appointed under section 126.

As to the next error alleged in the complaint,—that his challenges were not sustained,—the counsel seems to have been led into error by the course of procedure that is sometimes adopted in trial courts, namely, that a challenge is presumed to be interposed, and counsel is permitted informally to inquire of the members of the jury as to their qualifications; but, if this course should be objected to, the challenger would be compelled to state his challenge to the court, and thereupon try it regularly. There can be no question but what the commissioners were entirely regular in demanding that the accused should state the grounds of his challenge, in order that there might be an intelligent investigation into the proceeding.

Another ground of complaint is that subdivision 10 of section 22 was violated. Subdivision 10 of section 22 reads as follows:

"When the accused fails to appear or answer, testimony must be taken in the same manner as if he appeared and defended, and with even more technical accuracy, fullness, and certainty; and, in such cases, some competent brother should be designated by the commissioners and required to appear for the accused, and to see that he have a fair and impartial trial."

It will be seen that subdivision 10 applies only when the accused fails to appear or answer. In this case the accused did not fail to appear, but had appeared before the commissioners, and his failure was to appear upon the adjourned day. It is true, he was not present at the trial; but there was not an entire failure to appear, and it

seems that a fair construction of the section would be that in such cases the designation of a competent member to appear is a recommendation, which is not mandatory upon the commissioners. He might be designated to appear, but it is not clear that the section intended that the failure to designate should vitiate the trial; and whether or not the failure to designate was error was within the jurisdiction of the commission of appeals to finally decide.

The next allegation of error is that hearsay evidence was introduced. The question at issue was whether the plaintiff had written and sent the letter. Direct evidence was given as to the letter being in the plaintiff's handwriting. It was directed to the grand master, and was in the hands of the officer of the grand lodge (the secretary) who was entitled to its custody, who testified that he had received it from the grand master, and that it was under his control as one of the papers belonging to his office. Hearsay evidence is not always incompetent, but is frequently allowed in trials in courts of record, and is evidence, so far as it goes, and, if not objected to, may, in the absence of other evidence, become conclusive upon the party. But there was no injustice in this, as upon this trial the plaintiff has stipulated and testified himself that he did write and mail the letter to the grand master. The objection is without merit, and a court of equity should not be influenced by it.

As to the allegation that the punishment was too severe, that is a matter with which this court has nothing to do. If the court below had jurisdiction to try the plaintiff, it had jurisdiction to fix the punishment of expulsion. Whether it was commensurate with the crime, or whether it was excessive, this court cannot decide. It will be seen that all of these alleged errors were, if error at all, of judgment, not affecting jurisdiction, and were reviewable by the commission of appeals, whose judgment was final, and not subject to review by the court. It was a case wholly for the Masonic tribunal.

Again, objection is made that all tribunals were subject to the direction, in some way or other, of the grand master, and that, therefore, upon the charge made against the plaintiff, the grand master was disqualified. If this were so, it would be impossible for the order to try a person who desired to assail the grand master, and it would only be necessary for an offender to direct his offense against the grand master, and, however much deserving of punishment, he would escape entirely by having made this selection of the object of his offense.

I am unable to discover any grounds upon which this court could interfere. When the plaintiff became a Mason he submitted himself to the government of the order, as prescribed by its constitution and by-laws. Whatever right he obtained, he obtained from the society itself. He held those rights subject to the laws of the governing body, and to no other. He was bound to conduct himself in accordance with the rules and laws of the society, and he knew that, if he failed so to conduct himself, he was amenable to the court established by the organization itself. He was, at the time of committing the second offense, under discipline and suspension for a former offense against the laws of the order. It was in this action that the letter of the grand master, the reply to which was the subject of the trial now un-

der investigation, was written. That such letter was a gross violation of Masonic obligation, Masonic conduct, and Masonic law there can be no question. If I am correct in the views I have stated above, his trial was strictly in accordance with the rules of procedure established by the order, and his appeal to the commission of appeals, and the affirmance of its judgment by the grand lodge, were within the jurisdiction conferred by the rules of the order. There is no ground that I can discover upon which a court of equity should interfere to prevent the carrying out of the sentence as finally confirmed by the grand lodge.

The complaint will be dismissed upon the merits.